FILED
U.S. DISTRICT COURT
2011 MAR -7 A 11:17
DISTRICT OF UTAH
BY: ______
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. VENTURES LC, a Utah limited liability company, WINSOME INVESTMENT TRUST, an unincorporated Texas entity, ROBERT J. ANDRES and ROBERT L. HOLLOWAY,<br><br>Defendants. | Case No. 2:11CV00099 BSJ<br><br>~~[PROPOSED]~~ CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT ROBERT L. HOLLOWAY |

This cause comes before this Court upon Plaintiff U.S. Commodity Futures Trading Commission's ("Commission") Complaint and its *Ex Parte* Motion for Statutory Restraining Order, Expedited Discovery, Accounting, Order to Show Cause re Preliminary Injunction and Other Equitable Relief ("Motion"). The Court has considered the Complaint, the Motion, the Commission's Brief in Support of the Motion and other evidence submitted and papers filed in this action.

Defendant Robert L. Holloway, without admitting or denying the allegations of the Complaint for the purpose of this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), but admitting to allegations referring to jurisdiction and venue as stated under Section I below, consents to entry of this Order and states that this Order is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce him to consent to this Order. For the purposes of this Order, Defendant Holloway waives the entry of findings of fact and conclusions of law

pursuant to Rule 52 of the Federal Rules of Civil Procedure.

I.

*Jurisdiction and Venue*

**THE PARTIES AGREE AND THE COURT FINDS** that:

1. The Court has jurisdiction over the transactions at issue in this case pursuant to Section 6c of the Commodity Exchange Act (the "CEA"), 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the CEA or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the CEA, 7 U.S.C. § 13a-1(e) (2006), in that Defendants are found, inhabit or transact business in this district, and the acts and practices in violation of the CEA have occurred, are occurring or are about to occur within this district.

II.

*Prohibition from Violations of the CEA*

**THE PARTIES AGREE AND THE COURT FINDS** that:

1. Defendant Holloway, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns or attorneys of Defendant Holloway, and all persons insofar as they are acting in active concert or participation with Defendant Holloway who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly engaging in conduct in violation of the CEA as alleged in the Complaint.



dr

2. Defendant Holloway, and any person or entity acting in the capacity of an officer, agent, servant, employee or attorney of Defendant Holloway, and any person who receives actual notice of this Order by personal service or otherwise who is acting in concert or participation with Defendant Holloway, are also restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly engaging in any activity related to trading any commodity, as that term is defined in Section 1a(4) of the CEA, 7 U.S.C. § 1a(4) (2006) ("commodity interest"), including but not limited to the following:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the CEA, 7 U.S.C. § 1a(29)(2006));

b. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the CEA as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect interest;

c. having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

f. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

g. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered



fz

with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

## III.

### *Force and Effect*

**THE PARTIES AGREE AND THE COURT FINDS** that:

This Order shall remain in full force and effect until further order of this Court, and this Court retains jurisdiction of this matter for all purposes. The Order Granting Plaintiff's *Ex Parte* Motion for Statutory Restraining Order, Expedited Discovery, Accounting, Order to Show Cause re Preliminary Injunction and Other Equitable Relief previously ordered by the Court shall remain in full force and effect until further order of this Court.



R

**CONSENTED TO AND APPROVED BY:**

Dated: 2/10, 2011

Respectfully submitted,

ATTORNEYS FOR THE PLAINTIFF
U.S. COMMODITY FUTURES
TRADING COMMISSION

Kevin S. Webb
*kwebb@cftc.gov*
James H. Holl, III
*jholl@cftc.gov*
Gretchen L. Lowe
*glowe@cftc.gov*
U.S. Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
Tel. (202) 418-5000

Dated: 2/9, 2011

Robert L. Holloway

2:11-CV-99-BSJ

**SO ORDERED**, at Salt Lake City, Utah, on this 4th day of March, at 9:10am/pm.

UNITED STATES DISTRICT COURT JUDGE



R