MANNING CURTIS BRADSHAW
   & BEDNAR LLC
David C. Castleberry [11531]
dcastleberry@mc2b.com
Christopher M. Glauser [12101]
cglauser@mc2b.com
136 East South Temple, Suite 1300
Salt Lake City, UT 84111
Telephone (801) 363-5678
Facsimile (801) 364-5678

Attorneys for Plaintiff R. WAYNE KLEIN, the
Court-Appointed Receiver

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. VENTURES LC, a Utah limited liability company, WINSOME INVESTMENT TRUST, an unincorporated Texas entity, ROBERT J. ANDRES and ROBERT L. HOLLOWAY, <br><br> Defendants. | Case No. 2:11CV00099 BSJ <br><br> **THIRTIETH STATUS REPORT OF R. WAYNE KLEIN, RECEIVER** <br><br> *For the five-month period August 1, 2018 to December 31, 2018* |

R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of U.S. Ventures LC

("USV"), Winsome Investment Trust ("Winsome"), and all the assets of Robert J. Andres

("Andres") and Robert L. Holloway ("Holloway") (collectively, the "Receivership Entities"),

{01559118.DOC /}   1

hereby submits this Thirtieth Status Report for the five-month period of August 1, 2018 through December 31, 2018 (the "Reporting Period").

## I.     INTRODUCTION

1. During the Reporting Period, the sale of the Texas property closed, netting $12,038.45 for the Receivership Estate. The sole remaining assets are uncollected judgments previously obtained.

2. The Receiver located two of the four claimants whose August 2017 distribution checks had still not been cashed and sent payment. There are two claimants whose distribution checks still have not been cashed and the Receiver has been unable to establish contact with those claimants.

## II.     COLLECTION EFFORTS

3. The Receivership obtained a total of 29 judgments. Substantial effort has been made by the Receiver to collect on these judgments. Some of the judgments have been pursued by counsel engaged by the Receiver, where the Receiver believed the likelihood of recovery was high. A greater number were assigned to SM Financial, a New Jersey company specializing in the collection of judgments obtained by receivers and bankruptcy trustees. The collection efforts and recoveries have been described in prior status reports and summarized in the Receiver's recently-filed motion described below.

4. The Receiver has now determined that most of the remaining unpaid judgments are uncollectible. The Receiver believes that only four of the judgments still have the potential for further recovery. In light of this, the Receiver believes that continuing the Receivership Estate is not justified in light of the limited assets remaining in the Receivership Estate.

5.      On December 17, 2018, the Receiver filed *Receiver's Motion Requesting Order Approving: (1) Public Sale of Outstanding Judgments and Residual Assets; (2) Method and Form of Publication Notice; and (3) Public Auction Procedures and Memorandum in Support* ("Motion").[1] The Motion seeks approval to conduct a public auction at which the remaining judgments will be sold in five parcels, representing the four judgments that the Receiver believes still have the potential for recovery and a fifth parcel representing all the abandoned judgments and residual assets of the Receivership Estate. The Court has scheduled a hearing on the Receiver's Motion for January 11, 2019.

6.      The Receiver has obtained a stalking-horse bid of $1,000 for each parcel from an investment partnership in New York. If approved by the Court, the Receiver will conduct an auction of the five parcels, with the stalking-horse bid amount as the opening bid. The Receiver intends to advertise the auction and solicit bids from the collection law firm that has been collecting on these judgments and from the judgment debtors themselves. The Receiver believes this approach will create the most competitive bidding for the judgments that can be expected under the circumstances.

### III.     FINANCIAL STATUS OF THE RECEIVERSHIP ESTATE

7.      Because the judgment debtor David Jones was unable to obtain a refinancing of his home in order to make a lump sum settlement payment of $16,500, the Receivership Estate currently has liabilities that exceed its liquid assets:

---

[1] Docket No. 507.

| | |
|---|---|
| Bank account balance as of 12/31/18 | $8,182.52 |
| Unpaid distributions (Comeaux, Asselin)[2] | ($1,485.00) |
| Unpaid Receiver fees approved by Court[3] | ($12,976.00) |
| Net | ($6,278.48) |

8. Two of the judgment debtors are currently making monthly payments. Warren Chiu is paying $400 monthly, of which the Receivership Estate nets $200, and David Jones pays $629.39 monthly, all to the Receivership Estate.[4] The Receiver believes that $829.39 monthly income from these two judgments is not sufficient to eliminate the deficit and cover future administrative expenses of the Receivership, let alone yield sufficient amounts to enable any future distributions.

9. In light of the liabilities exceeding the liquid assets, the Receiver believes the best course is to determine (and obtain) the value of the remaining uncollected judgments through a public auction and then terminate the Receivership Estate.

### IV. FINANCIAL REPORT

10. During the Reporting Period, the Receivership received $2,189.39 as a result of collection efforts on outstanding judgments. The closing on the Texas property netted another $12,038.45. An additional $0.36 in interest was earned on funds in the Receivership bank accounts. Total revenue during the five-month period was $14,228.20.

11. Expenditures from the Receivership bank account during the period are

---

[2] The Receiver intends to pay these monies to the Court registry if he fails to establish contact with these claimants.

[3] Docket No. 503. These were fees for the one-year period from July 1, 2017 to June 30, 2018.

[4] Under the mediated settlement with Jones, Jones will pay $21,000 over three years, with the note accruing interest at 5%.

{01559118.DOC /} 4

summarized in the table below:

| Category | Amount |
|---|---|
| Collection costs | $1,650.00 |
| Operating expenses | $260.20 |
| Distribution payments | $1,012.50 |
| **Total** | **$2,922.70** |

12. The Receivership bank account balance, as of December 31, 2018, was $8,182.52, of which $1,485.00 reflects two distribution checks that remain outstanding.

13. The $12,976.00 in fees awarded to the Receiver for his work from July 2017 to June 2018 have not been paid because the Receivership Estate lacks sufficient funds to pay the fee award.

### V. NEXT STEPS

14. The Receiver hopes to terminate the Receivership Estate by:

    a. Conducting a public auction of the uncollected judgments, which are the sole remaining asset of the Receivership Estate;

    b. Continuing efforts to locate the two claimants (or their estates) whose distribution checks have not been cashed;

    c. When the amount of auction proceeds is known, preparing a plan for the termination of the Receivership Estate. This is expected to include transmitting unpaid distributions to the Court registry, estimating the costs of destroying the records of the Receivership Estate (after a holding period), estimating the legal fees and Receiver fees necessary to prepare a motion to terminate the Receivership Estate, and calculating whether sufficient funds will be available to propose and make a fourth distribution to

claimants.

## CONCLUSION

The Receiver respectfully submits this Thirtieth Status Report for the period from August 1, 2018 to December 31, 2018. The Receiver verifies under penalty of perjury that the foregoing is a true and correct summary of information he has discovered to date in his investigation and actions taken during the Reporting Period.

DATED this 9th day of January, 2019.

*/s/ Wayne Klein*

WAYNE KLEIN, Receiver

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **THIRTIETH STATUS REPORT OF R. WAYNE KLEIN, RECEIVER, FOR THE PERIOD AUGUST 1, 2018 THROUGH DECEMBER 31, 2018** to be served in the method indicated below to the Parties in this action this _9_th day of January, 2019.

___ VIA FACSIMILE
___ VIA HAND DELIVERY
___ VIA U.S. MAIL
___ VIA FEDERAL EXPRESS
___ VIA EMAIL
_x_ VIA ECF

Alan I. Edelman
James H. Holl, III
Gretchen L. Lowe
U.S. Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
jholl@cftc.gov
glowe@cftc.gov
aedelman@cftc.gov

/s/ D'Ann Calacino