FILED
2019 APR 29 AM 9:52
CLERK
U.S. DISTRICT COURT

*Prepared and Submitted by:*
MANNING CURTIS BRADSHAW
& BEDNAR, PLLC
David C. Castleberry [11531]
dcastleberry@mc2b.com E
136 East South Temple, Suite 1300
Salt Lake City, UT 84111
Telephone (801) 363-5678
Facsimile (801) 364-5678

*Attorneys for Court-Appointed Receiver R. Wayne Klein*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. VENTURES, LC, a Utah limited liability company, WINSOME INVESTMENT TRUST, an unincorporated Texas entity, ROBERT J. ANDRES and ROBERT L. HOLLOWAY,<br><br>Defendants. | **ORDER GRANTING RECEIVER'S MOTION TO CLOSE RECEIVERSHIP CASE, INCLUDING APPLICATION FOR FEES**<br><br><br>Case No. 2:11-CV-0099 BSJ<br><br>The Honorable Bruce S. Jenkins |

The matter before the Court is the Receiver's Motion to Close Receivership Case, Including Application for Fees rendered from July 1, 2018 through March 31, 2019 (the "Motion") filed by R. Wayne Klein (the "Receiver"), the Court-Appointed Receiver of US Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres, and Robert L. Holloway.

The Court held a hearing on April 25, 2019 at which the Receiver made representations on the record, including a representation that no taxes will be owed by the Receivership Estate.

No objections were made in response to the Motion, and the U.S. Commodity Futures Trading Commission filed a Notice with the Court that it had no objection to the request to terminate the Receivership or the request for partial payment of outstanding fees and expenses set forth in the Motion. Based on the representations made on the record, the Motion, and the exhibits submitted in support of the Application, and for good cause shown,

IT IS HEREBY ORDERED that:

1. The receivership in this action for U.S. Ventures, LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway is hereby terminated.

2. The Receiver's final financial report and accounting is confirmed.

3. The Receiver shall pay $1,485.00 to the U.S. District Court Registry for the uncashed distribution payment to Jerry K. Comeaux in the amount of $1,350 and to Joseph P. Asselin in the amount of $135. The Clerk of the Court shall keep the money submitted to the U.S. District Court Registry for one year from the date this order is entered. During the time the money is with the U.S. District Court Registry for this one-year period, an applicant may apply to the Clerk of the Court to receive this money. Any applicant shall receive this money upon a showing to the Clerk of the Court that the applicant is more likely than not entitled to receive this money. If less than all of the money identified in this paragraph of the Order is paid to qualifying applicants during this one-year period, the Clerk of the Court shall pay any remaining amounts to the U.S. Treasury.

4. The application for payment of fees and expenses set forth in the Motion is approved. The fees and expenses incurred by Manning Curtis Bradshaw & Bednar PLLC and the Receiver, as set forth in the Motion, are reasonable and necessary, and may be paid as an expense of administering the receivership estate.

5. The Receiver is authorized to pay Manning Curtis Bradshaw & Bednar PLLC $5,681.25 in fees for its services rendered for the benefit of the receivership estate from July 1, 2018 through March 31, 2019.

6. The Receiver is authorized to receive $13,099.00 in fees for his services rendered for the benefit of the Receivership Estate from July 1, 2018 through March 31, 2019.

7. Because the amount of money in the receivership estate after payment of the uncashed distribution checks will be less than the fees and costs owed to Manning Curtis Bradshaw & Bednar PLLC and to the Receiver, the Receiver is authorized to disburse the funds in the receivership estate to Manning Curtis Bradshaw & Bednar PLLC and the Receiver according to his discretion.

8. The Receiver is hereby fully relieved and discharged of all of his duties and obligations under the Order Appointing Receiver dated January 25, 2011 (Doc. No. 15) and any other duties or obligations incident to his service or appointment as Receiver in this case.

9. The Receiver and his attorneys, accountants, and consultants are and shall be fully released and discharged from any and all claims and causes of action which might be brought against them for matters arising from their administration of the assets turned over to the Receiver. The Receiver and his agents, acting within the scope of such agency ("Retained Personnel"), shall be entitled to rely on all outstanding rules of law and orders of this Court and shall not be liable to anyone for their good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of

malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

10. The stay of litigation previously entered by this Court in its Order Appointing Receiver dated January 25, 2011 (Doc. No. 15) shall remain in place to prevent further post-discharge expenses by the Receiver after entry of the order closing the Receivership Estate.

11. The Receiver is allowed to take those ordinary actions that he deems advisable, in his discretion, in closing this matter, including filing final tax returns for the Receivership Entities, destroying records of the Receivership and Receivership Entities consistent with the order closing the Receivership Estate, and closing bank accounts of the Receivership Estate.

12. Any interested party that wishes to take custody and control of the documents currently in the possession of the Receiver, and who demonstrates a legitimate interest in the documents and an intent to protect confidential information contained in those documents, has 30 days after the entry of the order terminating the Receivership Estate to make arrangements with the Receiver, at the interested party's own expense, to take control of the documents. If no qualifying party asserts a valid claim to the documents within 30 days after entry of the order closing the Receivership Estate, the Receiver is authorized to dispose of the documents after that date.

13. The Court shall retain jurisdiction over any and all matters relating to the receivership and the Receivership Estate. To the extent any dispute arises concerning the Receiver's administration of the Receivership Estate or to the extent any person or entity seeks to pursue or assert any claim or action against the Receiver or any person acting on behalf of the Receiver arising out of or related to this receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

2:11-cv-99-BSJ

Dated this 29th day of April, 2019.

**BY THE COURT**

_____
The Honorable Bruce S. Jenkins
United States District Judge